UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LEE WATSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05-CV-1391 CAS |
| ) | |
| OLIVER "GLENN" BOYER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Michael Lee Watson for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court will grant applicant leave to file this action pursuant to 28 U.S.C. § 1915(a).

### The Petition

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He states that he was convicted, in June 2005, for failure to display valid license plates and failure to provide proof of financial responsibility. Petitioner states that he had no trial or hearing. He states that he was fined and that a warrant has now been issued. Plaintiff seeks injunctive and declaratory relief, specifically that defendant Boyer be prohibited from executing the arrest warrant and that the charges against him be set for trial.

### Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is subject to summary dismissal because petitioner is not "in custody" for the purpose of seeking habeas relief under 28 U.S.C. § 2254. "That statute gives federal courts jurisdiction to 'entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court' if that custody allegedly violates 'the Constitution or laws or treaties of the United States.'" *County Court of Ulster County, N. Y. v. Allen*, 442 U.S. 140, 149 (1979) (citing 28 U.S.C. § 2254(a)). Thus, in order to bring an action under the federal habeas corpus statute, a state prisoner must be "in custody," which, at a minimum, requires restraint on personal liberty, *Jones v. Cunningham*, 371 U.S. 236, 239 (1963), pursuant to the conviction or sentence being challenged. 28 U.S.C.A. § 2254.

Petitioner is not in custody pursuant to his conviction for failure to display valid plates and to provide proof of responsibility. Because being "in custody" is a condition precedent to seeking relief under § 2254, the Court lacks jurisdiction to entertain the instant petition under § 2254.

Even liberally construing this petition as one for pretrial habeas relief under 28 U.S.C. § 2241, petitioner's claims do not entitle him to relief. Pretrial habeas petitions are cognizable under § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973). Petitioner complains that he was denied the right to a hearing or trial on the charges against him. However, he does not claim that he is in custody or under any restraint. Because being in custody is a condition precedent to seeking relief under § 2241, the Court lacks jurisdiction to entertain the instant petition under § 2241.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 1]

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to the respondent.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that petitioner's motion for hearing is **DENIED** as moot. [Doc. 3]

An appropriate order of dismissal shall accompany this memorandum and order.

Dated this 1st day of September, 2005.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**